**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | | |
|---|---|---|---|
| K.MIZRA LLC | § | | |
| | § | | |
| v. | § | Case No. | 2:21-cv-00247-JRG |
| | § | | (Lead Case) |
| BROADCOM INC. | § | | |

| | | | |
|---|---|---|---|
| K.MIZRA LLC | § | | |
| | § | | |
| v. | § | | |
| | § | Case No. | 2:21-cv-00248-JRG |
| FORESCOUT TECHNOLOGIES, INC. | § | | (Member Case) |

| | | | |
|---|---|---|---|
| K.MIZRA LLC | § | | |
| | § | | |
| v. | § | | |
| | § | Case No. | 2:21-cv-00249-JRG |
| FORTINET, INC. | § | | (Member Case) |

**<u>DEFENDANT FORESCOUT TECHNOLOGIES, INC.'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD.......................................................................................................... 4

ARGUMENT ...................................................................................................................... 6

I.      The Complaint fails to plausibly allege any claim of direct infringement. ....................... 6

        A.      K.Mizra's Complaint fails to plausibly allege infringement of the "trusted platform module" limitations *by Forescout.* .......................................................... 7

        B.      K.Mizra cannot rely on any joint or other infringement theory to save its claims because it has not pled a factual basis for such a theory....................................... 10

        C.      The Court should dismiss with prejudice given K.Mizra's knowledge of the deficiency in the prior *Network Security Technologies* litigation and K.Mizra's inability to state a plausible claim despite that knowledge................................... 12

CONCLUSION.................................................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) .................................................................................10, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................5, 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) .....................................................................................5

*Bustos v. Martini Club Inc.*,
    599 F.3d 458 (5th Cir. 2010) .....................................................................................5, 6

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) ...................................................................................11

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ..............................5

*Chhim v. Univ. of Tex. at Austin*,
    836 F.3d 467 (5th Cir. 2016) .....................................................................................5, 6

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).......................2, 5

*Juniper Networks, Inc. v. Shipley*,
    643 F.3d 1346 (Fed. Cir. 2011) ...................................................................................12

*KCJ Corp. v. Kinetic Concepts, Inc.*,
    223 F.3d 1351 (Fed. Cir. 2000) .....................................................................................6

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    No. 3:18-CV-01074-K, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ..................................5

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) .........................................................................................4

*Lyda v. CBS Corp.*,
    838 F.3d 1279 (Fed. Cir. 2016) ...................................................................................11

*Network Sec. Techs., LLC v. Forescout Techs., Inc.*,
    Case No. 1:17-cv-01488 (D. Del.) ...............................................................1, 2, 3, 12

*Rosenzweig v. Azurix Corp.*,
    332 F.3d 854 (5th Cir. 2003) ...............................................................................12

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
    No. 5:19-cv-243-H, 2021 WL 3030066 (N.D. Tex. July 2, 2021) ........................5, 6

*Stragent, LLC. v. BMW of N. Am., LLC*,
    No. 6:16-cv-00446-RWS, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017) .............................10

*Stragent, LLC. v. BMW of N. Am., LLC*,
    No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) ................5, 9, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................1, 4

## STATEMENT OF ISSUES

1.      Whether the Complaint states a claim for infringement of United States Patent 8,234,705.

2.      Whether the Complaint states a claim for infringement of United States Patent 9,516,048.

## INTRODUCTION

Plaintiff K.Mizra LLC's ("K.Mizra") Complaint against Defendant Forescout Technologies, Inc. ("Forescout") fails to state a claim upon which relief may be granted, and the Court should therefore dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

Specifically, each claim of asserted U.S. Patents 8,234,705 (the "'705 patent") and 9,516,048 (the "'048 patent") recites multiple limitations relating to a "trusted platform module," such as "contacting a trusted computing base associated with a trusted platform module within the first host, receiving a response, and determining whether the response includes a valid digitally signed attestation of cleanliness." '705 patent, claim 1. But K.Mizra's Complaint is entirely devoid of any allegations that *Forescout* uses or interacts with the "trusted platform module" in any way. Instead, K.Mizra merely alleges that "as of July 28, 2016, Windows 10 requires all new devices to implement and enable by default TPM [trusted platform module] 2.0." Case No. 2:21-cv-00248-JRG, Dkt. 1 ("Complaint"), ¶ 37. To state the obvious, Windows 10 is an operating system provided by Microsoft, not Forescout. The Complaint does not contain a single allegation (1) that Forescout uses or interacts with the "trusted platform module" in any way or (2) that Forescout is somehow liable for Microsoft's decision to require devices to implement TPM. Thus, K.Mizra has failed to state a plausible claim for infringement *by Forescout*, and the Court should dismiss its Complaint under Rule 12(b)(6).

This deficiency is particularly glaring considering the earlier assertion of this patent by the prior owner of the patents, Network Security Technologies, LLC, which previously sued Forescout for infringement of the same two patents in the District of Delaware on October 24, 2017. *See Network Sec. Techs., LLC v. Forescout Techs., Inc.*, Case No. 1:17-cv-01488-RGA (D. Del.), Dkt. 1. After being informed that the accused Forescout product does not interact with a trusted platform module (Ex. A at 2), Network Security Technologies voluntarily dismissed the Complaint

without prejudice.  *Network Sec. Techs., LLC v. Forescout Techs., Inc.*, Case No. 1:17-cv-01488 (D. Del.), Dkt. 8.

K.Mizra was aware of this history prior to filing this action.  Indeed, K.Mizra specifically relies on this prior action to allege knowledge of the patents by Forescout.  Complaint, ¶ 7. K.Mizra was also aware of the specific deficiency that led to dismissal in the prior case because Forescout specifically raised the prior case in pre-suit communications and expressly told K.Mizra that "Forescout's products do not contain or interact, directly or indirectly, with a 'trusted platform module within the first host,' as required by every claim."  Ex. B at 1.  Nevertheless, K.Mizra blindly forged ahead with its baseless Complaint, completely ignoring this crucial deficiency. Instead of including factual allegations directed at *Forescout*, K.Mizra alleged infringement in the Complaint because *Microsoft* requires enabling TPM in Windows 10 devices.  This allegation fails to state a viable claim for infringement *by Forescout*.  Although the Court might ordinarily give leave to amend after the original complaint, given the prior litigation and K.Mizra's prior awareness of this deficiency, it is clear that K.Mizra simply cannot state a viable claim, and the Court should dismiss the Complaint with prejudice and without leave to amend.

## BACKGROUND

On October 24, 2017, Network Security Technologies, LLC, then owner of the '705 and '048 patents, sued Forescout for infringement of the '705 and '048 patents in the District of Delaware.  *See Network Sec. Techs., LLC v. Forescout Techs., Inc.*, Case No. 1:17-cv-01488-RGA (D. Del.), Dkt. 1.  On January 16, 2018, Forescout sent a letter to Network Security Technologies explaining that "ForeScout products do not interact with such a chip [the 'trusted platform module'], and the Complaint does not contain any allegation that it does."  Ex. A at 2.  Two weeks later, Network Security Technologies voluntarily dismissed its Complaint without prejudice.

*Network Security Techs., LLC v. ForeScout Techs., Inc.*, Case No. 1:17-cv-01488 (D. Del.), Dkt. 8.

In January 2021, K.Mizra, after having acquired the '705 and '048 patents, reached out to Forescout regarding alleged infringement.   On February 23, 2021, Forescout sent a letter to K.Mizra alerting it of the prior litigation and identifying the same defense that led to dismissal in that case: "Forescout's products do not contain or interact, directly or indirectly, with 'a trusted platform module within the first host,' as required by every claim."  Ex. B at 1.

On July 8, 2021, K.Mizra filed this lawsuit, asserting infringement of the '705 and '048 patents.  *See generally* Complaint.  K.Mizra alleges that Forescout infringes "at least" claim 19 of the '705 patent and claim 17 of the '048 patent and does not specifically address any other claims.  *Id.*, ¶¶ 28–64.  K.Mizra alleges only direct infringement.  *Id.*, ¶¶ 29 (alleging infringement of the '705 patent by "making, using, importing, selling, offering for sale, and/or importing"), 51 (same for '048 patent).  Although the Complaint contains passing references to the doctrine of equivalents, K.Mizra does not plead any facts that, if proven at trial, would entitle it to relief under the doctrine of equivalents.  *Id.*  Moreover, K.Mizra does not allege indirect infringement.  *See id.* K.Mizra relies on the prior *Network Security Technologies* litigation to allege that Forescout had pre-suit knowledge of the asserted patents.  *Id.*, ¶ 7.

K.Mizra's Complaint contains only a single paragraph referencing the term "trusted platform module" (by its abbreviation, "TPM"), other than mere quotations of the claim language. In paragraph 37, K.Mizra alleges, with respect to infringement of claim 19 of the '705 patent:

> 37. Further, as of July 28, 2016, Windows 10 requires all new devices to implement and enable by default TPM 2.0:

# TPM 2.0 Compliance for Windows 10

## Windows 10 for desktop editions (Home, Pro, Enterprise, and Education)

- Since July 28, 2016, all new device models, lines or series (or if you are updating the hardware configuration of a existing model, line or series with a major update, such as CPU, graphic cards) must implement and enable by default TPM 2.0 (details in section 3.7 of the Minimum hardware requirements page). The requirement to enable TPM 2.0 only applies to the manufacturing of new devices. For TPM recommendations for specific Windows features, see TPM and Windows Features.

See Exhibit I, TPM Recommendations at "TPM 2.0 Compliance for Windows 10" (available at https://docs.microsoft.com/en-us/windows/security/information-protection/tpm/tpmrecommendations, last visited June 29, 2021) (underlining added).

Complaint, ¶ 37.  For claim 17 of the '048 patent, K.Mizra's Complaint merely refers back to paragraph 37, confirming that the infringement allegations are the same for both asserted patents with respect to the "trusted platform module" terms.  *Id.*, ¶ 56.  Paragraph 37 does not reference Forescout in any way.  The Complaint nowhere alleges that Forescout is somehow responsible for or liable for this Windows 10 requirement.  *See generally id.*  Indeed, "Windows 10" is never referenced anywhere else in the Complaint.  *See generally id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes district courts to dismiss complaints that "fail to state a claim upon which relief can be granted."  In analyzing 12(b)(6) motions, courts may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  Although the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, the court need not accept as true conclusory allegations and allegations contradicted

4

by other allegations in a plaintiff's own complaint.  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

Moreover, even though courts "take the well-pleaded factual allegations in the complaint as true," they "do not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  Thus, a "court should dismiss a patent claim where the plaintiff merely recites that defendant infringes a claim limitation but fails to identify the parts of the allegedly infringing instrumentality that perform the limitation or allege how the identified parts meet the text of the limitation." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-cv-243-H, 2021 WL 3030066, at *5 (N.D. Tex. July 2, 2021).  As stated in *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1342 (Fed. Cir. 2012), "[i]n some circumstances, failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss."[1]

---

[1] *See also Stragent, LLC. v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697, at *5–6 (E.D. Tex. Mar. 3, 2017) (dismissing patent infringement claim that failed to plausibly allege infringement of each patent claim element); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing an infringement claim where the plaintiffs presented screenshots to support their claim but failed to identify the parts of the alleged infringing instrumentality named in and necessary to perform one of the claim limitations); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) ("While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074-K, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) ("[A] plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so.  Additional factual information, [which supports a plausible inference that the accused devices practice the asserted claim] . . . , is required under the standards of *Twombly* and *Iqbal*.").

Under the well-established standards of *Twombly* and *Iqbal*, a court must also consider whether those well-pleaded facts state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A claim is plausible on its face when the facts pleaded, accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I.        The Complaint fails to plausibly allege any claim of direct infringement.

K.Mizra's Complaint does not state a plausible claim for infringement of any claim of the asserted patents.  Literal infringement—the only form of infringement alleged in the Complaint[2]— "occurs when every limitation recited in the claim appears in the accused device, i.e., when 'the properly construed claim reads on the accused device exactly.'"  *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1358 (Fed. Cir. 2000) (quoting *Amhil Enters., Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996)).  Thus, to survive a motion dismiss, K.Mizra must plausibly allege that every limitation in at least one claim appears in the accused Forescout system.  *Chhim*, 836 F.3d at 469; *Soar*, 2021 WL 3030006, at *5.  It has failed to do so.

Every asserted claim recites limitations relating to a "trusted platform module."   For example, the following limitations are present in the claims specifically asserted in the Complaint:

> '705 patent, claim 19: "contacting a trusted computing base associated with a ***trusted platform module*** within the first host, receiving a response, and determining whether the response includes a valid digitally signed attestation of cleanliness"

> '048 patent, claim 17: "contacting a trusted computing base associated with a ***trusted platform module*** within the first host, receiving a response, and

---

[2] Although the Complaint mentions the doctrine of equivalents in passing (Complaint, ¶¶ 29, 51), the Complaint contains no factual allegations supporting any doctrine of equivalents theory for any claim term.  As such, this allegation is nothing more than a conclusory allegation, which the Court should disregard on this Rule 12 motion.  *Bustos*, 599 F.3d at 461.

determining whether the response includes a valid digitally signed attestation of cleanliness"

Although not specifically referenced in the Complaint, every other independent claim of the '705 and '048 patents recites a substantially identical limitation including a "trusted platform module." *See* '705 patent, claims 1, 12; '048 patent, claims 1, 10.

Thus, to show direct infringement, K.Mizra must plausibly allege that Forescout or Forescout's products interact with a trusted platform module as recited in the claims.   The Complaint lacks any such allegation, and the Court should therefore dismiss the Complaint.

### A.   K.Mizra's Complaint fails to plausibly allege infringement of the "trusted platform module" limitations *by Forescout.*

K.Mizra has alleged infringement of the "trusted platform module" limitation for the '705 patent in two scant paragraphs, neither of which connects Forescout or any Forescout product to a "trusted platform module," outside quoting from the asserted claims.   Complaint, ¶¶ 36–37. Paragraph 36 states:

> Limitation B1 requires that "detecting the insecure condition includes" "contacting a trusted computing base associated with a trusted platform module within the first host."   The Accused Instrumentalities also meet all the requirements of limitation of claim 19.   For example, the SecureConnector is a small-footprint executable that runs on the endpoint.   *See* Exhibit D, HPS Inspection Engine Configuration Guide at 4.   The SecureConnector creates a secure (encrypted TLS) connection to the CounterACT Appliance managing the endpoint.   *See id.* at 13, 35.   Then, the SecureConnector receives inspection and action requests and responds to them via this connection.   *See id.*   All Forescout traffic between SecureConnector and the Appliance takes place over the secure connection.   *See id.*

*Id.*, ¶ 36.

Paragraph 37 states, "Further, as of July 28, 2016, Windows 10 requires all new devices to implement by default TPM 2.0," and includes the below screenshot:

## TPM 2.0 Compliance for Windows 10

## Windows 10 for desktop editions (Home, Pro, Enterprise, and Education)

- Since July 28, 2016, all new device models, lines or series (or if you are updating the hardware configuration of a existing model, line or series with a major update, such as CPU, graphic cards) must implement and enable by default TPM 2.0 (details in section 3.7 of the Minimum hardware requirements page). The requirement to enable TPM 2.0 only applies to the manufacturing of new devices. For TPM recommendations for specific Windows features, see TPM and Windows Features.

*Id.*, ¶ 37.

The infringement allegations for the '048 patent simply refer back to this paragraph without further analysis. *Id.*, ¶ 56. Thus, K.Mizra's infringement claims rise or fall depending on whether these two paragraphs state a plausible claim for infringement. They do not.

Paragraph 36, other than in quoting claim language, does not reference a "trusted platform module" at all. Nor does it allege that Forescout (or any Forescout product) interacts with a "trusted platform module" in any way, much less the specific way recited in the claim. Paragraph 36 thus fails to state a plausible claim for infringement by Forescout of the "trusted platform module" limitations.

Paragraph 37 is the only paragraph in the Complaint that references the term "trusted platform module" (by its abbreviation, "TPM"), other than mere quotations of the claim language. *Id.*, ¶ 37. Paragraph 37, however, does not reference Forescout or any Forescout product in any way. *Id.* Instead, paragraph 37 makes allegations about Microsoft's Windows 10 operating system. *Id.* There is no mention in any other paragraph of Windows 10 and thus no allegation linking Forescout (or its products) to the allegation in paragraph 37. *See generally id.* There is also no allegation that Forescout is responsible for, contributed to, or is in any way liable for

Microsoft's decision to require TPM in Windows 10 devices.  *See generally id*.  Thus, paragraph 37 fails to state a plausible claim of infringement *by Forescout*.

At best, paragraph 37 appears to be a non sequitur.  The most the Court can infer from paragraph 37 is that Windows 10 devices must include a "trusted platform module."  This inference, however, has no connection to Forescout and thus cannot support a plausible claim of infringement *by Forescout*.  Moreover, the mere fact that Windows 10 devices must include a "trusted platform module" does not state a plausible claim of infringement *by anyone*.  The patent claim does not require merely that a "trusted platform module" exist but that the patented computer software "contact" the "trusted computing base associated with a trusted platform module" and "receiv[e] a response" from it.  *E.g.*, '705 patent, claim 19 ("contacting a trusted computing base associated with a trusted platform module within the first host, receiving a response, and determining whether the response includes a valid digitally signed attestation of cleanliness").  K.Mizra's Complaint, paragraph 37, does not contain any such allegation and thus does not state a plausible claim of infringement *by anyone*, much less *by Forescout* specifically.

This case is factually like *Stragent, LLC. v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017), in which the magistrate judge recommended granting a 12(b)(6) motion in a patent case because the complaint failed to plausibly allege infringement of each patent claim element.  In *Stragent*, the plaintiff attempted to avoid dismissal by alleging that an accused device infringed the asserted patent claim because the device purportedly complied with an industry standard.  As the judge explained, however,

> Stragent's Complaint identifies no common element between the AUTOSAR Standard and the asserted claims, nor does it explain how the accused products, by complying with the AUTOSAR Standard, also infringe the asserted claims.  *Audio MPEG, Inc. v. Società Italiana Per Lo Sviluppo Dell' Elettronica Spa*, No. 2:16-cv-82, Doc. No 1 at 4 (E.D. Va. Dec. 21, 2015).  Such threadbare allegations do not put Defendants on notice as to what they must defend against under Rule 12(b)(6).

> *Cellular Commc'ns Equip. LLC v. HTC Corp.*, 2016 WL 4204136, at *2 (E.D. Tex. Aug. 9, 2016) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

*Stragent*, 2017 WL 2821697, at *5.  On reviewing the magistrate judge's recommendation, Judge Schroeder stated, "The Court agrees with the Magistrate Judge and finds that Plaintiff's claims for direct and indirect infringement are insufficiently pled," but ultimately denied the motion as moot because an intervening amended complaint had been filed.  *Stragent, LLC. v. BMW of N. Am., LLC*, No. 6:16-cv-00446-RWS, 2017 WL 2832613, at *1 (E.D. Tex. Mar. 27, 2017).

So too here.  Although K.Mizra has pleaded facts regarding Windows 10 and TPMs, K.Mizra has failed to connect the dots between those facts and the accused Forescout product.  It appears that K.Mizra is attempting to rely on a standard-like requirement (e.g., Microsoft's requirements for Windows 10 devices), but the Complaint contains no allegation, explanation, or indication as to why the alleged relationship between Windows 10 and TPMs makes it plausible that the accused Forescout instrumentality "contact[s] a trusted computing base associated with a trusted platform module," as required by the asserted claim limitations.  Thus, as stated in *Stragent*, K.Mizra's Complaint fails because it "identifies no common element between the [alleged Microsoft Windows 10 requirements] and the asserted claims, nor does it explain how the accused products, by complying with the [alleged Microsoft Windows 10 requirements], also infringe the asserted claims."  Under these circumstances, the Court should dismiss the Complaint.

**B.    K.Mizra cannot rely on any joint or other infringement theory to save its claims because it has not pled a factual basis for such a theory.**

K.Mizra's Complaint is not saved by any joint infringement theory, because the Complaint lacks factual allegations that would support such a theory.

Joint infringement of a method claim requires that one entity "directs or controls others' performance" or that "the actors form a joint enterprise."  *Akamai Techs., Inc. v. Limelight*

*Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).  The Complaint contains no allegations that Forescout directs or controls any other entity (e.g., there is no allegation that Forescout directed or controlled Microsoft's decision to require Windows 10 devices to implement TPM).  *See generally* Complaint.  The Complaint also does not contain any allegation of a joint enterprise (e.g., there is no allegation that Forescout and Microsoft have formed a joint enterprise of any sort).  *See generally id.*

Moreover, joint infringement does not apply to system claims, which are analyzed under a different framework.  *Lyda v. CBS Corp.*, 838 F.3d 1279, 1284 (Fed. Cir. 2016).  For system claims, infringement by "'use' of a system claim 'requires a party . . . to use each and every . . . element of a claimed [system]' . . . by putting every element collectively into service."  *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011).  As explained above, there is no allegation connecting *Forescout* to any alleged "trusted platform module" and thus no plausible allegation that Forescout "use[s] each and every" element, including the "trusted platform module," or that Forescout "put[s] every element"—including the "trusted platform module"—"collectively into service," as required by *Centillion*.  *Id.*

To infringe by "making" a system, one party must "combine all of the claim elements."  *Id.* K.Mizra's Complaint contains no allegation that *Forescout* combines all claim elements because, as discussed above, K.Mizra has not alleged, and cannot truthfully allege, that Forescout's accused product communicates with any "trusted platform module."

K.Mizra simply has failed to plead any facts that would support a claim for joint infringement under *Akamai* or infringement of a system claim under *Centillion*.  Thus, K.Mizra cannot state a plausible claim for infringement of any independent claim of the asserted patents, and the Court should dismiss the Complaint.

11

**C.      The Court should dismiss with prejudice given K.Mizra's knowledge of the deficiency in the prior *Network Security Technologies* litigation and K.Mizra's inability to state a plausible claim despite that knowledge.**

K.Mizra is attempting to assert patent infringement claims against Forescout that the prior owner of the patents in suit raised against Forescout and voluntarily dismissed after being fully informed of the circumstances. *Network Sec. Techs., LLC v. Forescout Techs., Inc.*, Case No. 1:17-cv-01488 (D. Del.), Dkts. 1 (complaint), 8 (notice of voluntary dismissal without prejudice). K.Mizra was aware of this history because Forescout specifically raised it in pre-suit communications. Ex. B at 1 (discussing prior litigation and further stating, "Forescout's products do not contain or interact, directly or indirectly, with 'a trusted platform module within the first host,' as required by every claim.").

K.Mizra thus knew that its infringement theory was deficient with respect to the "trusted platform module" limitation. Nevertheless, it stubbornly filed this baseless Complaint. K.Mizra did not include any detailed factual allegations connecting *Forescout* to the "trusted platform module." Instead, K.Mizra relies on a single irrelevant allegation that Windows 10 devices require TPM, an allegation that is never connected to *Forescout* or any of its products in any way. *See* Complaint, ¶ 37.

Given K.Mizra's knowledge of the deficiency in the prior litigation, its knowledge of that same deficiency in pre-suit communications here, and its choice to repeat a known deficient theory of infringement, it is clear that K.Mizra simply cannot state a plausible claim. Accordingly, any amendment would be futile, and the Court should dismiss with prejudice. *See Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1352 (Fed. Cir. 2011) (affirming dismissal with prejudice where complaint "could not be saved by further amendment"); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (court may deny leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" or if the amendment would be "futil[e]").

## CONCLUSION

For the foregoing reasons, the Court should dismiss K.Mizra's Complaint with prejudice.


DATED:  September 9, 2021            Respectfully submitted,

                               */s/ Kimball R. Anderson*
                               Kimball R. Anderson (IL Bar No. 49980)
                               WINSTON & STRAWN LLP
                               35 West Wacker Drive
                               Chicago, IL 60601-9703
                               312-558-5600 (phone)
                               312-558-5700 (fax)
                               kanderson@winston.com

                               Katherine Vidal (CA Bar No. 194971)
                               Matthew R. McCullough (CA Bar No. 301330)
                               WINSTON & STRAWN LLP
                               275 Middlefield Road, Suite 205
                               Menlo Park, CA 94025
                               650-858-6500 (phone)
                               650-858-6550 (fax)
                               kvidal@winston.com
                               mrmccullough@winston.com

                               William Fox (TX Bar No.  24101766)
                               WINSTON & STRAWN LLP
                               2121 North Pearl Street, Suite 900
                               Dallas, TX 75201
                               214-453-6500 (phone)
                               214-453-6400 (fax)
                               wfox@winston.com

                               Deron Dacus (TX Bar No. 00790553)
                               THE DACUS FIRM, P.C.
                               821 ESE Loop 323, Suite 430
                               Tyler, Texas 75701
                               903-705-1117 (phone)
                               903-581-2543 (fax)
                               ddacus@dacusfirm.com

                               **ATTORNEYS FOR DEFENDANT**
                               **FORESCOUT TECHNOLOGIES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on September 9, 2021, via the Court's CM/ECF system.


Dated:  September 9, 2021                    /s/ *Kimball R. Anderson*
                                             Kimball R. Anderson