# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| K.MIZRA LLC | § | |
| | § | |
| v. | § | Case No.  2:21-cv-00247-JRG |
| | § | (Lead Case) |
| BROADCOM INC. | § | |

| | | |
|---|---|---|
| K.MIZRA LLC | § | |
| | § | |
| v. | § | |
| | § | Case No.  2:21-cv-00248-JRG |
| FORESCOUT TECHNOLOGIES, INC. | § | (Member Case) |

| | | |
|---|---|---|
| K.MIZRA LLC | § | |
| | § | |
| v. | § | |
| | § | Case No.  2:21-cv-00249-JRG |
| FORTINET, INC. | § | (Member Case) |

**DEFENDANT'S MOTION TO TRANSFER VENUE**
**PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

INTRODUCTION...............................................................................................................1

BACKGROUND ..............................................................................................................2

LEGAL STANDARD .......................................................................................................3

ARGUMENT .....................................................................................................................4

I.   This case could have been brought in the Northern District of California. ...................5

   A.   The federal courts in the Northern District of California can exercise personal jurisdiction in this case...................................................................................................................5

   B.   The federal courts in the Northern District of California can exercise subject-matter jurisdiction over this case..............................................................................................6

   C.   The Northern District of California is a proper venue for this case...................................6

II.   The private-interest factors support transferring this case to the Northern District of California. ...................................................................................................................7

   A.   The cost of attendance for willing witnesses would be substantially less in the Northern District of California than in this district because likely party and non-party witnesses reside in or close to the Northern District of California, and no likely witnesses reside in or close to this district. ...................................................................................................7

   B.   Compulsory process to compel the attendance at trial of unwilling witnesses will more likely be available if this case is transferred to the Northern District of California because non-party witnesses unwilling to attend trial reside in or close to the Northern District of California. ..................................................................................................10

   C.   The sources of proof relevant to this case are in the Northern District of California and not at Forescout's facility in this district or elsewhere in this district. .....................................11

III.   The public-interest factors support transferring this case to the Northern District of California. .................................................................................................................12

   A.   The Northern District of California has a great local interest in resolving this patent dispute. ...................................................................................................................12

   B.   The federal courts in the Northern District of California are as familiar with the patent law governing this dispute as this Court. ..........................................................................12

   C.   Transferring this case to the Northern District of California will not give rise to conflict-of-laws issues. ..........................................................................................................13

   D.   Even if it were true that this case would proceed to trial more quickly in this district than in the Northern District of California, the other private and public-interest factors, taken together, indicate that the Court should transfer this case to the Northern District of California. ..................................................................................................................13

   CONCLUSION ............................................................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In Re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010)................................................................................12

*Adaptix, Inc. v. HTC Corp.*,
937 F. Supp. 2d 867 (E.D. Tex. 2013) .....................................................................10

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)...........................................................................3, 12

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017)................................................................................................5

*Capella Photonics, Inc. v. Infinera Corp.*,
2021 U.S. Dist. LEXIS 25998 (E.D. Tex. Feb. 10, 2021) (Gilstrap, C.J.) ............5, 6

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)..................................................................................6

*Frank v. PNK (Lake Charles) L.L.C.*,
947 F.3d 331 (5th Cir. 2020) .....................................................................................5

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009).........................................................................7, 9, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)....................................................................................................5

*In re HP Inc.*,
2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ........................................................10

*In re Hulu, Inc.*,
Case No. 2021-142, --- F. App'x ---, 2021 WL 3278194 (Fed. Cir. Aug. 2,
2021) ........................................................................................................................10

*Lear Corp. v. TS Tech USA Corp.*,
2008 U.S. Dist. LEXIS 105072 (E.D. Tex. 2008) ..................................................12

*Monarch Networking Sols. LLC v. Cisco Sys.*,
2021 U.S. Dist. LEXIS 1551 (E.D. Tex. Jan. 5, 2021) (Gilstrap, C.J.) ...................4

*In re Samsung Electronics Co.*,
2 F.4th 1371 (Fed. Cir. 2021) ............................................................................12, 13

*Sangha v. Navig8 ShipManagement Private Ltd.*,
   882 F.3d 96 (5th Cir. 2018) ......................................................................5

*In re TS Tech United States Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)................................................................12

*Uniloc 2017 LLC v. Google LLC*,
   2020 U.S. Dist. LEXIS 100416 (E.D. Tex. June 8, 2020) (Gilstrap, C.J.) ..................... *passim*

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ........................................................4, 7, 8

**Statutes**

28 U.S.C. § 1331 .............................................................................6

28 U.S.C. § 1338(a) ..........................................................................6

28 U.S.C. § 1400(b) .......................................................................2, 6

28 U.S.C. § 1404(a) ..................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A) ..................................................................10

## INTRODUCTION

A district court should transfer a case to another district where the case could have been brought if the other district would clearly be a more convenient place to litigate the case.  28 U.S.C. § 1404(a).  The most important factors considered by courts when evaluating the convenience of a proposed transferee district are the convenience of witnesses, the availability of compulsory process to compel the attendance at trial of potential unwilling witnesses, and the location of the evidence relevant to the claims at issue—in patent-infringement actions, evidence possessed primarily by defendants.

Here, the Northern District of California clearly would be a more convenient place to litigate this patent-infringement action than would the Eastern District of Texas.  As explained below, non-party witnesses likely to have necessary testimony in this case—including both inventors on the patents in suit, former Forescout Technologies Inc. ("Forescout") executives with unique knowledge about the accused products, and prior-art witnesses—reside in or close to the Northern District of California.  Appearing in Northern California will be far less burdensome for these potential non-party witnesses than travelling to this Court.  Moreover, the federal district courts in the Northern District of California have subpoena power over these witnesses who are unwilling to attend trial.  This Court lacks such subpoena power over these non-party witnesses.

Additionally, numerous Forescout employees with knowledge relevant to the claims in this case reside in the Northern District of California because that is where Forescout's principal place of business is located.  Similarly, Forescout's electronic and documentary evidence relevant to this dispute is at Forescout's principal office in the Northern District of California.  Because the likely witnesses and relevant evidence to this case are in the Northern District of California, no reason exists that the Eastern District of Texas will be a convenient place to try this case.  The relevant private and public-interest factors therefore indicate that the Northern District of California would

1

be a clearly more convenient forum for this case.  Thus, this Court should grant Forescout's motion to transfer.

## BACKGROUND

K.Mizra L.L.C. ("K.Mizra") sued Forescout in the Eastern District of Texas for patent infringement and has pleaded that this district is the proper statutory venue for its claims by pointing to a Forescout customer-call center in Plano, Texas.  Statutory venue governed by 28 U.S.C. § 1400(b), however, does not address the issue of whether this action should be transferred to another more convenient forum pursuant to 28 U.S.C. § 1404(a).  A review of the relevant Section 1404(a) factors shows that transfer of the action to the Northern District of California is in the best interests of the parties and justice.

The potential party and non-party witnesses in this case are in or close to the Northern District of California.  Forescout's Chief Strategy Officer, Jonathan Connet, has identified former Forescout executives over whom Forescout lacks control who will likely need to testify in this case because of their unique personal knowledge of the accused products.  Ex. A, Connet Declaration, ¶ 8.  Robert Greer (former Chief Product Officer and former Chief Marketing Officer) and Pedro Abreu (former Chief Strategy Officer and former Chief Product Officer) were responsible, for example, for the development and technical roadmaps for the accused products.  *Id.*  They have unique historical knowledge about the accused products.  They live in the Northern District of California.  They were involuntarily terminated from Forescout, which has no ability to compel their appearances at a trial in the Eastern District of Texas.  *Id.*

Mr. Connet also identified numerous current Forescout employees with technical and financial knowledge about the accused products.  *Id.* ¶¶ 4–5.  Details are described below.  All the potential witnesses Mr. Connet has identified reside in or close to the Northern District of

2

California.  In addition, Forescout's documentary evidence, including the source code pertaining to the accused products, is housed on servers at Forescout's San Jose, California headquarters.  *Id.* ¶ 10.

Despite Forescout's Plano facility, which serves primarily as a customer call center and houses no evidence relevant to this dispute, no connection exists between this dispute and this district, and no aspect of this case makes the Eastern District of Texas a convenient forum for this dispute.  *Id.* ¶¶ 9, 11.  K.Mizra is a Delaware limited liability company and pleads that its principal place of business is in Miami, Florida.  Dkt. No. 1 ¶ 4.  But K.Mizra's filings with the United State Patent and Trademark Office, California, and Florida list an address in Los Angeles as K.Mizra's principal address.  Exs. E, F, and G.  Also, prior-art witnesses and the inventors on the asserted patents in suit reside in Redwood City, California, which is in the Northern District of California, and Incline Village, Nevada—just across Lake Tahoe from Northern California.  Dkt. Nos. 1-1, 1-2.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  *Uniloc 2017 LLC v. Google LLC*, 2020 U.S. Dist. LEXIS 100416, at *3 (E.D. Tex. June 8, 2020) (Gilstrap, C.J.) (quoting 28 U.S.C. § 1404(a)).[1]  Once the court determines that the action "might have been brought" in the proposed transferee district, the court weighs private- and public-interest factors to determine whether transfer is appropriate.  *Id.*  The private-interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

---

[1] In cases appealable to the Federal Circuit, Fifth Circuit case law governs motions to transfer venue.  *In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020).

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  The public-interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* at *6 (quoting *In re Volkswagen AG*, 371 F.3d at 203).  The above factors "are neither exclusive nor exhaustive, and no one factor is dispositive." *Monarch Networking Sols. LLC v. Cisco Sys.*, 2021 U.S. Dist. LEXIS 1551, at *7 (E.D. Tex. Jan. 5, 2021) (Gilstrap, C.J.).  Although the movant bears the burden of establishing that transfer is appropriate, the plaintiff's choice of forum is not a factor in the transfer analysis. *Uniloc*, 2020 U.S. Dist. LEXIS 100416, at *3.

## ARGUMENT

This case could have been brought in the Northern District of California.  Because Forescout's headquarters are in the Northern District of California, the federal courts in the Northern District of California could exercise personal jurisdiction in this case, and the Northern District of California is a proper statutory venue for this case.  Further, because K.Mizra's claims arise under the patent laws of the United States, the federal courts in the Northern District of California can exercise subject-matter jurisdiction over this case.

The private and public-interest factors also weigh, on balance, in favor of transferring this case to the Northern District of California.  As discussed below, the relevant party and non-party witnesses and evidence are in or close to the Northern District of California.  Because Forescout's Plano facility houses neither relevant witnesses nor evidence, there is simply no meaningful connection between this case and this district.  Thus, the Court should transfer the case to the clearly more convenient Northern District of California.

4

## I.   This case could have been brought in the Northern District of California.

To establish that a case could have been brought in a proposed transferee forum, a movant must show that the courts in the transferee forum could exercise personal and subject-matter jurisdiction in the case and that the proposed transferee forum is a proper venue for the case. *Capella Photonics, Inc. v. Infinera Corp.*, 2021 U.S. Dist. LEXIS 25998, at *3 (E.D. Tex. Feb. 10, 2021) (Gilstrap, C.J.).   The federal courts in the Northern District of California can exercise personal and subject-matter jurisdiction in this case, and the Northern District of California is a proper venue for this case.

### A.   The federal courts in the Northern District of California can exercise personal jurisdiction in this case.

Personal jurisdiction exists "if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process."  *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).  "California's long-arm statute is coextensive with the United States Constitution, so the personal jurisdiction inquiry focuses on due process" in this case.  *Capella Photonics, Inc. v. Infinera Corp.*, 2021 U.S. Dist. LEXIS 25998, at *11 (E.D. Tex. Feb. 10. 2021) (Gilstrap, C.J.).   A litigant can satisfy the due-process analysis by establishing general jurisdiction over the defendant.  *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020).  General jurisdiction exists over a defendant if its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citation omitted).   And "a corporation's 'home' falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business."  *Frank*, 947 F.3d at 337 (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)).

5

Here, courts in the Northern District of California could exercise at least general jurisdiction over Forescout. Forescout's principal place of business is its global headquarters in San Jose, California. Ex. A, ¶ 1. Because Forescout's principal place of business is in the Northern District of California, the federal courts in the Northern District of California can exercise personal jurisdiction over Forescout.

**B.      The federal courts in the Northern District of California can exercise subject-matter jurisdiction over this case.**

The federal district courts, including the federal district courts in the Northern District of California, have subject-matter jurisdiction over cases arising under the patent laws of the United States under 28 U.S.C. §§ 1331 and 1338(a). Thus, because this case arises under the patent laws of the United States, the federal district courts in the Northern District of California can exercise subject-matter jurisdiction over this case. *See* Dkt. No. 1, Compl., at ¶¶ 10–11.

**C.      The Northern District of California is a proper venue for this case.**

Under 28 U.S.C. § 1400(b), in patent cases, venue is proper in any district "where the defendant has committed acts of infringement and has a regular and established place of business." For venue to be proper under the above-quoted language from Section 1400(b), this Court applies the "*Cray* factors," under which "there must be a physical place in the district," that is "a regular and established place of business," and is "the place of the defendant." *Capella*, 2021 U.S. Dist. LEXIS 25998, at *15–16 (citing *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017)). Here, Forescout's San Jose headquarters satisfy the *Cray* factors for the same reason they satisfy the general-jurisdiction test.

Thus, because the federal courts in the Northern District of California can exercise personal and subject-matter jurisdiction in this case, and the Northern District of California is a proper

venue in this case, this case could have been brought in the Northern District of California under Section 1400(b).

## II. The private-interest factors support transferring this case to the Northern District of California.

The witnesses and other proof relevant at least to infringement and damages in this case are in or close to the Northern District of California.  No witnesses or other sources of proof relevant to this case are in or close to the Eastern District of Texas.

### A. The cost of attendance for willing witnesses would be substantially less in the Northern District of California than in this district because likely party and non-party witnesses reside in or close to the Northern District of California, and no likely witnesses reside in or close to this district.

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Uniloc*, 2020 U.S. Dist. LEXIS 100416, at *5 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)).  And "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 371 F.3d at 204–05.

Here, likely party and non-party witnesses reside in or close to the Northern District of California.

First, Mr. Connet has identified eight former executives, including two key executives, who are no longer under Forescout's control and whose testimony will likely be necessary in this case because they managed the developmental technical roadmaps for the accused products.  Ex. A, ¶ 8.  These non-party witnesses reside in the Northern District of California.  *Id.*

Two other crucial non-party witnesses also reside in the Northern District of California or close thereto.  The lead inventor on both patents in suit,[2] James A. Roskind, lives in the Northern District of California in Redwood City, California.  Dkt. Nos. 1-1, 1-2.  And the second inventor on the patents in suit, Aaron Emigh, lives in Incline Village, Nevada, which is in Northwestern Nevada on the shores of Lake Tahoe, four to five miles from the California border and therefore far closer to the Northern District of California than to this Court.  *Id.*  Thus, the Northern District of California would be more convenient for the inventors than would this Court.

Likely non-party prior-art witnesses also reside in or close to the Northern District of California.  Relevant prior-art references for this case include United States Patent Numbers 6,550,012 B1 ("the '012 patent") and 7,958,245 B2 ("the '245 patent") and United States Patent Application 2005/0050337 A1.  *See* Ex. B, Ex. C, and Ex. D.  The inventors and assignees of these prior-art references are in Northern California.  *Id.*  The inventors on the '012 patent are in Ben Lomond, California; Danville, California; Santa Clara, California; Sunnyvale, California; and San Carlos, California; and the assignee of the '012 patent is in Santa Clara, California.  Ex. B.  The inventors on the '245 patent are in Watsonville, California; Mountain View, California; and Sunnyvale, California; and the patent's assignee is in Sunnyvale, California.  Ex. C.  The inventors on United States Patent Application 2005/0050337 A1 are in Cupertino and Pasadena, California.  Ex. D.  The Northern District of California would be more convenient for the witnesses pertaining to these prior-art references than would this Court.

As for party witnesses, Mr. Connet has identified 24 Forescout employees assigned to Forescout's San Jose headquarters who are either engineers responsible for the technical operation of the accused products or financial employees responsible for the proper accounting of revenue

---

[2] U.S. Patent Nos. 8,234,705 and 9,526,048.

and profits derived from the accused products.  Ex. A, ¶ 4–5.  These employees all reside in or close to the Northern District of California.  *Id.*  Although at this early stage of the action it is hard to say, especially from K.Mizra's barebones Complaint, whether these employees have unique knowledge, these potential witnesses have relevant and material information.  *Id.* ¶¶ 3–8.

Forescout need not show more than that these potential witnesses have relevant and material information to prevail on this motion.  The Federal Circuit has cautioned that "[r]equiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary."  *Genentech*, 566 F.3d at 1343.

On the other side of the witness scale, no likely witnesses are in the Eastern District of Texas.  Although Forescout has a facility in Plano, the facility houses Forescout's customer call center, and the employees who work in the Plano facility provide applications support to customers.  Ex. A, ¶ 9.  Forescout's Plano-based personnel will likely not be witnesses in this case because, compared to the San Jose-based employees Mr. Connet identifies in his declaration, they are not responsible for the design or financial aspects of the accused products.  *Id.*  Thus, if any Forescout employees testify in this case, they likely will be employees from Forescout's San Jose office, and not employees from the Plano, Texas customer call center.

Nor do any K.Mizra employee witnesses likely reside in this district.  K.Mizra is a Delaware limited liability company with its principal place of business in Los Angles, California. The United States Patent Office, California Secretary of State, and Florida Secretary of State all show K.Mizra as having its principal place of business in California (See Exs. E, F, and G), notwithstanding K.Mizra's Complaint allegation to the contrary.  Exs. E, F, and G.  Thus, there is nothing convenient about the Eastern District of Texas for K.Mizra witnesses.

9

In sum, because the likely potential witnesses in this case are located predominately in or close to the Northern District of California, and no likely witnesses are in the Eastern District of Texas, the cost of attendance for willing witnesses would clearly be less if this case were transferred to the Northern District of California than if it were tried in this Court.  This factor weighs clearly in favor of transferring this case to the Northern District of California.

**B.** **Compulsory process to compel the attendance at trial of unwilling witnesses will more likely be available if this case is transferred to the Northern District of California because non-party witnesses unwilling to attend trial reside in or close to the Northern District of California.**

"A court may compel a non-party witness to attend depositions or trial within 100 miles of where the person resides, is employed, or regularly transacts business in person."  *Uniloc*, 2020 U.S. Dist. LEXIS 100416, at *11 (quoting Fed. R. Civ. P. 45(c)(1)(A)).  This Court has recognized that "'[t]ransfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses' than the transferor district."  *Id.* at *11–12 (quoting *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013)).  And "[t]he fact that the transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly." *Id.* (quoting *Genentech*, 566 F.3d at 1345).  Additionally, the Federal Circuit has stated that when "the movant has identified multiple third-party witnesses within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness of each witness."  *In re Hulu, Inc.*, Case No. 2021-142, --- F. App'x ---, 2021 WL 3278194, (Fed. Cir. Aug. 2, 2021) (nonprecedential order citing *In re HP Inc.*, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)) (noting a presumption of unwillingness "where there is no indication that a non-party witness is willing").

Here, the Northern District of California has subpoena power over potentially unwilling non-party witnesses.  As discussed above, Mr. Connet has identified two former Forescout

employees, over whom Forescout lacks control, who are necessary witnesses, and who are unlikely to voluntarily travel to the Eastern District of Texas for a trial.  Ex. A, ¶ 8.  These former employees have unique knowledge about the accused products because they were responsible for the technical roadmaps of the accused products.  *Id.*  Their anticipated testimony likely cannot be replicated by existing Forescout employees.  *Id.*  These former employees live in or close to the Northern District of California such that the federal district courts in the Northern District of California have subpoena power over them.  *Id.*  This Court does not have subpoena power over them.

The Court also lacks subpoena power over the inventors listed on the patents in suit and the witnesses pertaining to the prior-art references listed above in Part II.A.  As discussed above, the inventors and prior-art witnesses live in or much closer to the Northern District of California than to this district, and far outside of this Court's subpoena power.

The compulsory-process factor therefore weighs clearly in favor of transferring this case to the Northern District of California.

> ### C.   The sources of proof relevant to this case are in the Northern District of California and not at Forescout's facility in this district or elsewhere in this district.

This Court has stated that "[r]elevant evidence in patent cases usually comes from the accused infringer and, consequently, the place where the defendant's documents are kept ordinarily does weigh in favor of transfer to that location."  *Uniloc*, 2020 U.S. Dist. LEXIS 100416, at *9.  This factor weighs clearly in favor of transfer because Forescout's relevant technical and financial information, including relevant source code, related to the accused products is located on servers in Forescout's data center at Forescout's headquarters in San Jose.  Ex. A, ¶ 10.  The data center is a repository for Forescout's most secure information, including the source code for its products and its financial information.  *Id.*

### III.    The public-interest factors support transferring this case to the Northern District of California.

#### A.    The Northern District of California has a great local interest in resolving this patent dispute.

"This [local interest] factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *Apple*, 979 F.3d at 1344–45 (quoting *In Re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).   Although Forescout denies K.Mizra's infringement allegations, Mr. Connet has stated that Forescout employees responsible for the design, technical, and financial decisions relevant to the claims at issue work—or have worked at—Forescout's headquarters in San Jose.  Ex. A, ¶ 3–8.

Mr. Connet has stated also that no relevant decisions pertaining to the design or engineering of the accused products were made in the Eastern District of Texas.  *Id.* ¶ 9.  Forescout's customer call center in Plano, Texas is not tethered to the events of this lawsuit and is not entitled to weight in analyzing the local interest factor in this case.  *See In re Apple Inc*., 979 F.3d 1332, 1344–45 (Fed. Cir. 2020).  Nor should mere allegations of infringement in K.Mizra's selected forum dictate which forum has a greater local interest.  *See In re Samsung Electronics Co*., 2 F.4th 1371 (Fed. Cir. 2021).  Thus, because decisions made or approved by employees in the Northern District of California underlie this dispute, the Northern District of California has a greater interest in resolving this dispute than does this Court.  This factor therefore weighs in favor of transferring this case to the Northern District of California.

#### B.    The federal courts in the Northern District of California are as familiar with the patent law governing this dispute as this Court.

The Federal Circuit has recognized that federal courts in different districts are generally equally "capable of applying the federal patent laws to infringement claims." *In re TS Tech United*

*States Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (quoting *Lear Corp. v. TS Tech USA Corp.*, 2008 U.S. Dist. LEXIS 105072, at *9 (E.D. Tex. 2008) (Ward, J.)).  Thus, this factor is neutral.

**C.      Transferring this case to the Northern District of California will not give rise to conflict-of-laws issues.**

No conflict-of-laws issues will arise in this case because federal patent law governs the claims in dispute.  Thus, this factor is neutral.

**D.      Even if it were true that this case would proceed to trial more quickly in this district than in the Northern District of California, the other private and public-interest factors, taken together, indicate that the Court should transfer this case to the Northern District of California.**

Although federal case-management statistics indicate that the times between filing and disposition and filing and trial are slightly longer in the Northern District of California than in this district, this factor weighs only slightly and does not overcome the above factors that weigh strongly in favor of transfer.  *See In Re Samsung Elecs., Inc.*, 2 F.4th 1371, 2021 WL 2672136, at *7 (Fed. Cir. June 30, 2021) (discounting importance of speed to disposition in Section 1404(a) analysis comparing Northern District of California to Western District of Texas).

## CONCLUSION

This case has no logical connection to this district and no reason to stay here.  The witnesses and proof are predominately located in or close to the Northern District of California, and no potential witnesses or other sources of proof are in this district.  Thus, even if only some of the potential witnesses Mr. Connet has identified must testify, and even if only some documentation located in San Jose is necessary for this case, the Northern District of California would clearly be a more convenient place to litigate this case because no countervailing reasons exist to try the case here.  The Court should therefore grant Forescout's motion, transfer this case to the Northern District of California, and award Forescout any other relief to which it may be entitled.

Respectfully submitted,

Forescout Technologies Inc.

by:
Date: September 10, 2021                    Signed: /s/ Kimball Anderson

Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
312-558-5600 (phone)
312-558-5700 (fax)
kanderson@winston.com

Katherine Vidal
Matthew McCullough
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
650-858-6500 (phone)
650-858-6550 (fax)
kvidal@winston.com
mrmccullough@winston.com

William Fox
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
214-453-6500 (phone)
214-453-6400 (fax)
wfox@winston.com

Deron Dacus
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)
ddacus@dacusfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A).

*/s/ Kimball R. Anderson*

Kimball R. Anderson

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Forescout conferred with counsel for K.Mizra via telephone on September 9, 2021 pursuant to Local Rule CV-7(h).

*/s/ Kimball R. Anderson*

Kimball R. Anderson

1