IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K.MIZRA LLC,<br><br>   Plaintiff,<br><br> v.<br><br>CA, INC.,<br><br>   Defendant. | Case No. 2:21-cv-00247-JRG<br>(Lead Case) |
| K.MIZRA LLC,<br><br>   Plaintiff,<br><br> v.<br><br>FORESCOUT TECHNOLOGIES INC.,<br><br>   Defendant. | Case No. 2:21-cv-00248-JRG<br>(Member Case) |
| K.MIZRA LLC,<br><br>   Plaintiff,<br><br> v.<br><br>FORTINET, INC.,<br><br>   Defendant. | Case No. 2:21-cv-00249-JRG<br>(Member Case) |

**DEFENDANT'S ANSWER AND DEFENSES**

  Defendant CA, Inc.[1] ("CA"), by and through its undersigned counsel, hereby respectfully demands a trial by jury on all issues so triable and submits this Answer and these Defenses in

---

[1] The Complaint (Dkt. 1) named Broadcom, Inc. as the sole-named defendant. Broadcom Inc. is not the proper party to this suit; instead, CA, Inc. is the proper party. By agreement, a Joint Motion

response to the Complaint filed by K.Mizra LLC ("K.Mizra"). To the extent not specifically admitted herein, the allegations of the Complaint are denied. CA denies any allegations that may be implied by the headings of the Complaint.

## NATURE OF THE CASE

1.      CA admits that the Complaint purports to include a claim of patent infringement of U.S. Patent No. 8,965,892 (the "'892 Patent"). To the extent a further response is required, CA denies any remaining allegations in paragraph 1.

2.      CA denies that it has "been making, selling, using and offering for sale" any product that infringes any valid and enforceable claims of the '892 Patent. To the extent a further response is required, CA denies any remaining allegations in paragraph 2.

3.      Paragraph 3 represents a legal statement, and not a statement of fact. To the extent a further response is required, CA denies any remaining allegations in paragraph 3.

## THE PARTIES

4.      CA lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5.      CA admits that it is a Delaware corporation. CA admits that it maintains a regular and established place of business in the State of Texas, but, to the extent necessary, denies that it has committed any act that infringes a valid or enforceable claim of the '892 Patent. CA admits that has an office located at 5465 Legacy Drive, Plano, TX 75024, but denies that it has offices at 2901 Via Fortuna Drive, Austin, TX 78746. CA admits that it is registered to conduct business in the State of Texas, and further admits that it has appointed the Corporation Service Company

---

to Substitute Parties has been filed (Dkt. 29) to name CA, Inc. as the sole defendant. CA, Inc. answers the allegations in the Complaint as if it had been originally named.

d/b/a CSC-Lawyers Incorporating Service Company as its agent for service of process in the State of Texas.  To the extent a further response is required, CA denies any remaining allegations in paragraph 5.

6.     CA admits that it has acquired certain assets of Symantec Corp. and its related entities.  CA further admits that a product called Symantec Messaging Gateway was developed, marketed, and sold prior to 2019, but, to the extent necessary, denies that any act related to the development, marketing, and/or sale of the Symantec Messaging Gateway infringes a valid or enforceable claim of the '892 Patent.  To the extent a further response is required, CA denies any remaining allegations in paragraph 6.

7.     CA admits that CA has a regular and established place of business in the Eastern District of Texas, but to the extent required, denies the Broadcom Inc. has a regular and established place of business in the Eastern District of Texas..

8.     CA admits that Broadcom Inc. received letters from Plaintiff in early 2021, but CA denies any remaining allegations in paragraph 8.

9.     CA admits that it is aware of the filing of the Complaint and the allegations contained therein, but denies any remaining allegations in paragraph 9.

10.    Denied.

## JURISDICTION AND VENUE

11.    CA admits that this is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has committed any act of infringement and denies the legal sufficiency of the Complaint. To the extent a further response is required, CA denies any remaining allegations in paragraph 11.

12.    Admitted.

13. CA admits that it conducts business in this District, and further admits that CA is registered to conduct business in the State of Texas. To the extent a further response is required, CA denies any remaining allegations in paragraph 13.

14. Denied.

15. CA states that it does not contest that venue is proper in this District. To the extent a further response is required, CA denies any remaining allegations in paragraph 15.

### THE PATENT-IN-SUIT

16. CA admits that the '892 Patent purports to be titled "Identity-Based Filtering," purports to identify Aaron T. Emigh as an inventor, and was issued by the United States Patent and Trademark Office on February 24, 2015. CA further admits that the '892 Patent purports to be related to any earlier application with a filing date of January 4, 2007. CA further admits that Exhibit A purports to be a copy of the '892 Patent. CA lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies them.

17. CA lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. Denied.

19. CA admits that paragraph 19 of the Complaint includes language taken from the '892 Patent, but otherwise CA lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 19 and therefore denies them.

20. CA admits that paragraph 20 of the Complaint includes language taken from the '892 Patent, but otherwise CA denies the remaining allegations in paragraph 20.

21. Denied.

22. Denied.

23. Denied.

### RESPONSE TO FIRST CAUSE OF ACTION
### (PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 of '892 PATENT)

24. CA re-answers and incorporates by reference its responses to the preceding paragraphs.

25. Denied.

26. Denied.

27. CA admits the recited claim language is taken from the '892 Patent, but denies that CA infringes any valid and enforceable claim of the '892 Patent.

28. Denied.

29. CA admits that paragraph 29 includes language taken from claim 15 of the '892 Patent, and includes language and a screenshot from what purports to be a Symantec document, but otherwise denies the allegations in paragraph 29.

30. CA admits that paragraph 30 includes language and a screenshot taken from what purports to be a Symantec document, but otherwise denies the allegations in paragraph 30.

31. Denied

32. CA admits that paragraph 32 includes language taken from claim 15 of the '892 Patent, and includes language and a screenshot from what purports to be a Symantec website, but otherwise denies the allegations in paragraph 32.

33. Denied.

34. CA admits that paragraph 34 includes language taken from claim 15 of the '892 Patent, and includes language and a screenshot from what purports to be a Symantec document, but otherwise denies the allegations in paragraph 34.

35. Denied.

36. CA admits that paragraph 36 includes language taken from claim 15 of the '892 Patent, and includes language and a screenshot from what purports to be a Symantec document, but otherwise denies the allegations in paragraph 36.

37. Denied.

38. CA admits that paragraph 38 includes language taken from claim 15 of the '892 Patent, and includes language and a screenshot from what purports to be a Symantec document, but otherwise denies the allegations in paragraph 38.

39. Denied.

40. Denied

41. Denied.

## RESPONSE TO PRAYER FOR RELIEF

CA denies any liability to K.Mizra, denies that K.Mizra is entitled to any relief from CA, and denies all allegations contained in K.Mizra's Prayer for Relief. To the extent that any allegations in the Complaint have not been specifically admitted or denied, CA denies them.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense (Non-Infringement)

CA has not and does not infringe, under any theory of infringement, any valid and enforceable claim of the '892 Patent, whether directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and is not inducing and has not induced others to infringe any valid and enforceable claim of the '892 Patent.

### Second Defense (Invalidity)

One or more claims of the '892 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Third Defense (Prosecution History Estoppel and Disclaimer)

Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications that led to the '892 Patent from asserting that the claims of the aforementioned patent are infringed by CA's products, including under the doctrine of equivalents.

### Fourth Defense (Limitation on Damages)

Plaintiff's claims for monetary damages are limited by the statute of limitations and/or limited to acts of infringement occurring within six years of the date of initiating this suit under 35 U.S.C. § 286.

### Fifth Defense (Failure to Mark)

To the extent Plaintiff, its predecessors, or licensees of any asserted patent failed to comply with the marking requirements set forth in 35 U.S.C. § 287, the relief sought by Plaintiff is barred, in whole or in part.

### JURY DEMAND

CA requests that all claims and causes of action raised in this Complaint against it be tried by a jury to the fullest extent possible.

### PRAYER FOR RELIEF

WHEREFORE, CA requests the Court grant the following relief:

A.   Judgment dismissing all Plaintiff's claims asserted against CA with prejudice;

B.  A declaration that this case is exceptional and an award to CA of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

C.  Other relief that the Court may determine to be just and proper.

DATED: September 14, 2021

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: *Russell A. Korn*
Russell A. Korn, GA Bar No. 428492
**LEAD COUNSEL**
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: rkorn@kilpatricktownsend.com

Kristopher L. Reed, CO Bar No. 36991
Kevin M. Bell, CO Bar No. 39102
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
Email: kreed@kilpatricktownsend.com
Email: kbell@kilpatricktownsend.com

*Attorneys for Defendant Broadcom Inc. and Prospective Defendant CA, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 14, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Russell A. Korn*
Russell A. Korn

75072949V.1