IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| K.MIZRA LLC<br><br>v.<br><br>CA, INC. | §<br>§<br>§<br>§<br>§ | Case No. 2:21-cv-00247-JRG<br>(Lead Case) |
| K.MIZRA LLC<br><br>v.<br><br>FORESCOUT TECHNOLOGIES, INC. | §<br>§<br>§<br>§<br>§ | Case No. 2:21-cv-00248-JRG<br>(Member Case) |
| K.MIZRA LLC<br><br>v.<br><br>FORTINET, INC. | §<br>§<br>§<br>§<br>§ | Case No. 2:21-cv-00249-JRG<br>(Member Case) |

**REDACTED REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C.
§ 1404(a)**

## TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................................. 2

    A.    K.Mizra's Recitation of the Venue Discovery Omits The Following Key Facts. ................................................................................................................... 2

    B.    K.Mizra Ignores New Federal Circuit Decisions Addressing 28 U.S.C. § 1404(a). ................................................................................................................. 3

    C.    Private Factors Favor a Transfer of Venue to the Northern District of California. ............................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Dish Network L.L.C.*,
 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ................................................................3, 4

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009) ..............................................................................................6

*In Re Hulu*,
 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ..........................................................................6

*In re Juniper Networks Inc.*,
 14 F.4th 1313 (Fed. Cir. Sept. 24, 2021) ...................................................................3, 4, 5

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 30(b)(6) ....................................................................................................1, 2

Fed. R. Civ. P. 34 ....................................................................................................................2

Venue discovery in this case revealed a lack of candor with the Court by Plaintiff K.Mizra LLC ("K.Mizra"). While representing to the Court in its initial Complaint filed July 8, 2021 and its Amended Complaint filed September 23, 2021 that K.Mizra's principal place of business is 777, Brickell Ave., #500-96031, Miami, Florida, in truth, K.Mizra only ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇. And, at the time of K.Mizra's Complaint and Amended Complaint filings, the Florida Secretary of State, the California Secretary of State, the City of Los Angeles, the IRS, and the USPTO all showed that K.Mizra's principal of place of business is in California, where K.Mizra's CEO, Charles Hausman, is licensed to practice law. Mr. Hausman ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. But neither K.Mizra's Complaint nor its Amended Complaint reveals the ▇▇▇▇▇▇▇▇▇▇. The conclusion from this lack of candor is inescapable. Anticipating Forescout's motion to transfer venue to California, K.Mizra chose to conceal its connections with California in its Complaint, Amended Complaint, and Opposition to Forescout's Motion to Transfer Venue.

Venue discovery also confirmed that K.Mizra has no connections with Texas. In contrast, all Forescout witnesses are in the Northern District of California. K.Mizra nevertheless resists transfer by pointing to Forescout's Plano, Texas customer-support office and arguing that Forescout could call its Texas employees at trial. Forescout, however, does not plan to call any of these employees because none of them designed or built the accused products. As Forescout's Rule 30(b)(6) witness testified, "customer support, while potentially being knowledgeable about the usage and configuration of the product, generally aren't the subject matter experts for the—in terms of being able to articulate how the product was designed and built." Ex. 1, Connet Dep. at 64–65. The subject matter experts are assigned to Forescout's headquarters in San Jose, California. Dkt. No. 23-2, ¶¶ 4–5.

# ARGUMENT

**A.    K.Mizra's Recitation of the Venue Discovery Omits The Following Key Facts.**

- K.Mizra's Complaint and Amended Complaint allege that its principal place of business is located at 777 Brickell Ave., Miami, Florida, ▇▇▇. Dkt. No. 1, ¶ 4; Dkt. No. 36, ¶ 4; Ex. 2, Hausman Dep. at 28:15–29:9; 87:1–14. K.Mizra merely ▇▇▇. Ex. 2 at 28:15–29:9; 87:1–14. K.Mizra ▇▇▇ *Id.* at 28:15–29:9; 87:1–14.

- The Florida Secretary of State, the California Secretary of State, the City of Los Angeles, California, the IRS, and the USPTO all show K.Mizra's principal place of business in Los Angeles, California. *Id.* at 33:7–16; 48:13–24; 58:10–16; 59:13–20; 65:15–21; Ex. 3, Exs. 3–7 to Hausman Dep.

- When asked about whether K.Mizra had advised the Florida and California Secretaries of State and California that K.Mizra's principal place of business was somewhere other than Los Angeles, Charles Hausman (K.Mizra's Rule 30(b)(6) deponent) testified that ▇▇▇. Ex. 2 at 39:3–20.

- When asked about documents responsive to Forescout's Rule 34 venue document request, Mr. Hausman ▇▇▇ *Id.* at 95:9–96:13; Ex. 6, K.Mizra's Resps. to RFPs.

- K.Mizra's CEO (Charles Hausman) ▇▇▇ *Id.* at 79:1–79:10; 86:3–14; Ex. 5, K.Mizra Resp to ROG No. 2. K.Mizra's Complaint, Amended Complaint, and Opposition to Forescout's Motion to Transfer Venue do not mention any presences ▇▇▇.

- K.Mizra ▇▇▇ Ex. 4, K. Mizra Resps. to RFAs 1, 2, 4, and 5; Ex. 2, Hausman Dep. at 26:10–19, 145:8–146:12.

- Forescout employs about 1,000 people. Ex. 1 at 53:14–20. Forescout's corporate headquarters are in San Jose, California. Dkt. No 23-2, ¶ 1. Forescout also maintains customer support offices in places like Washington, D.C. and Plano, Texas. *Id.* ¶ 9; Ex. 1 at 57:13–15.

- According to Forescout's corporate representative, "[c]ustomer support is designed to assist customers with questions related either to the usage of the individual products within Forescout's portfolio or to identify bugs or other errors in the product that need to be rectified on behalf of the customer," Ex. 1 at 59:5–10; "[j]ust because you can provide assistance to customers on how to use the product, that doesn't necessarily mean you know how the product works innately, how it was developed, or architected," *id.* at 60:1–5; "customer support, while potentially

being knowledgeable about the usage and configuration of the product, generally aren't the subject matter experts for the—in terms of being able to articulate how the product was designed and built," *id.* at 64:24–65:4; and customer support is distinguished from "core engineering, which is responsible for developing new functionality of the product and general development and architectural design of the product overall," *id.* at 64:4–7.

- The key core engineering witnesses in this case are assigned to Forescout's corporate headquarters in San Jose, California. Dkt. No. 23-2, ¶ 4.

- The highly confidential source code for Forescout's accused products in this action is stored at its San Jose headquarters. *Id.* ¶ 10. Access is strictly limited. *Id.*

**B.    K.Mizra Ignores New Federal Circuit Decisions Addressing 28 U.S.C. § 1404(a).**

Two recent decisions, issued after Forescout filed its Motion to Transfer, control this action. In *In re Juniper Networks Inc.*, 14 F.4th 1313 (Fed. Cir. Sept. 24, 2021), the Federal Circuit directed the Western District of Texas court to transfer the case to the Northern District of California, noting that "Juniper [the Petitioner] had 'identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas." *Id.* at 1316. The Federal Circuit stated, "We have previously rejected the district court's reliance on the proposition that the convenience-the-witnesses factor is attenuated when the witnesses are employees of the party calling them." *Id.* The district court also erred by not giving sufficient weight to Juniper's sworn declaration attesting that Juniper "stores the majority of its documentary evidence relevant to the Accused Products . . . at its Sunnyvale headquarters." *Id.* at 1321. Also, the fact that some evidence is stored in places other than the proposed transferee forum does not weigh against transfer. *Id.* "What matters is the relative access to sources of evidence in the two competing forums." *Id.*

The Federal Circuit, in *In re Dish Network L.L.C.*, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021), ordered transfer from the Western District of Texas to the District of Colorado. The district court erred in not weighing the compulsory process factor in favor of transfer. *Id.* at *3. The

district court also misapplied the "local interest factor" where "DISH's current and former employees who designed the accused product all acted and reside in Colorado (where DISH is headquartered)." *Id.* Further "even if these [DISH's] Texas-based operations may have some connection to the accused set-top boxes here, that connection is insubstantial to Colorado's significant connections to the design and development of the accused features." *Id.*

C.   **Private Factors Favor a Transfer of Venue to the Northern District of California.**

"What matters is the *relative* access to sources of evidence in the two competing forums." *Juniper*, 14 F.4th at 1321 (emphasis added). Here, no question exists that relative to the Eastern District of Texas, the Northern District of California provides much greater ease of access to proof and convenience to witnesses.

K.Mizra has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 1 at 145:16–19; Ex. 4, Resp. to RFA No. 1. In contrast, Forescout's witnesses, including employees, former employees, and third parties, are in the Northern District of California. Dkt. No. 23 at 8. These witnesses are described with particularity in Mr. Connet's Declaration. Dkt. No. 23-2, ¶¶ 7–8. Forescout also has identified prior-art references that invalidate the asserted patents. Dkt. No. 23 at 8. The inventors and assignees of these references are in California, as are the inventors on the patents in suit. *Id.*; Dkt. No. 23 at 8.

K.Mizra's sole argument against transfer rests on Forescout's customer support center in Plano, Texas. K.Mizra argues that some of these employees have general knowledge about the functionality of the accused products. As Mr. Connet explained, however, "[j]ust because you can provide assistance to customers on how to use the product, that doesn't necessarily mean you know how the product works innately, how it was developed, or architected." Ex. 1 at 60:1–5. "[C]ustomer support, while potentially being knowledgeable about the usage and configuration of the product, generally aren't the subject matter experts for the—in terms of being able to articulate

4

how the product was designed and built." *Id*. at 64:24–65:4. Customer support is distinguished from "core engineering, which is responsible for developing new functionality of the product and general development and architectural design of the product overall." *Id.* at 64:4–7. The key core engineering witnesses in this case are assigned to Forescout's headquarters in San Jose, California. Dkt. No. 23-2, ¶ 4.[1]

K.Mizra also urges this Court to discount that Forescout stores its highly confidential source code at its headquarters in San Jose, California. The confidential source code is the single best written evidence of how the accused product works. The source code is critical to Forescout's defense. To discount that storage at Forescout's headquarters would be error under *Juniper* and *DISH Networks*. K.Mizra also urges the Court to deny transfer because some evidence, product manuals and other customer support materials, exists in the Plano customer support office. Again, this would be error because, as the Federal Circuit held in *Juniper*, the fact that some evidence is stored in places other than the proposed transferee forum does not weigh against transfer. *Juniper*, 14 F.4th at 1321. "What matters is the *relative* access to sources of evidence in the two competing forums." *Id.* (emphasis added). Finally, K.Mizra urges the Court to deny transfer because Forescout has not established that its former employees "lack unique knowledge required for trial and that they are unwilling to travel." Dkt. No. 69 at 7. Again, K.Mizra is urging error. "Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary."[2]

---

[1] K.Mizra identified from LinkedIn profiles certain Forescout employees who reside in Texas and who sound like they are knowledgeable about the accused products. K.Mizra is mistaken. K.Mizra, for example, cites Chief Product Office Kevin O'Leary but neglects to mention that Mr. O'Leary just joined Forescout five months ago and that, therefore, was not a part of the core engineering team responsible for designing the accused products. Ex. 1 at 49:12–17.

[2] *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *see also In Re Hulu*, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021).

DATED: November 16, 2021                Respectfully submitted,

                                                   /s/ *Kimball R. Anderson*
Kimball R. Anderson (IL Bar No. 49980)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
312-558-5600 (phone)
312-558-5700 (fax)
kanderson@winston.com

Katherine Vidal (CA Bar No. 194971)
Matthew R. McCullough (CA Bar No. 301330)
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
650-858-6500 (phone)
650-858-6550 (fax)
kvidal@winston.com
mrmccullough@winston.com

William Fox (TX Bar No. 24101766)
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
214-453-6500 (phone)
214-453-6400 (fax)
wfox@winston.com

Deron Dacus (TX Bar No. 00790553)
Shannon Dacus (TX Bar No. 00791004)
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)
ddacus@dacusfirm.com
sdacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT FORESCOUT TECHNOLOGIES, INC.**

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on November 16, 2021, via ECF

/s/ *Kimball R. Anderson*
Kimball R. Anderson

**Authorization to File Motion Under Seal**

Pursuant to Local Rule CV-5(A)(7)(B) and the Court's Protective Order, Dkt. No. 58, the undersigned counsel certifies that the Court has already granted authorization to file this motion under seal.

/s/ *Kimball R. Anderson*
Kimball R. Anderson

7